MINUTE ENTRY
KNOWLES, M.J.
MAY 11, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENEEN L. MONTGOMERY-SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4737** |
| **LOUISIANA DEPARTMENT OF HEALTH & HOSPITALS, ET AL.** | **SECTION "S" (3)** |

On this date, plaintiff's Motion for Reconsideration of Motion to Compel Limited Discovery [Doc. #73] came on for oral hearing before the undersigned. Present were Wanda Anderson-Davis on behalf of plaintiff and Holly Hargrove on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' oral arguments, the Court rules as follows.

On April 6, 2011, this Court granted in part and denied in part plaintiff's motion to compel limited discovery. [Doc. #71]. Plaintiff then filed the motion here, asking the Court to reconsider its order denying the production of certain personnel and supervisory files of allegedly similarly-situated employees. In short, plaintiff argues that she needs the personnel and supervisory files of certain employees who – like her – were supervised by Ronald Browning. From plaintiff's memorandum, it appears that these employees are Brenda Jones, Michael Henry, Bob Deaton, Amy

MJSTAR(00:16)

Demoulin and Brian Knight. Plaintiff contends that she can not establish a *prima facie* case of discrimination under Title VII of the Civil Rights Act without these files. In sum, plaintiff argues that a review of the personnel and supervisory files of these five allegedly similarly-situated employees may reveal that despite performance ratings worse than plaintiff's, these employees received no unfavorable evaluations, and defendant never placed them – as it did plaintiff – on a supervisory plan.

Defendant contends that because none of the other supervisors were placed on a supervisory plan, they are not similarly-situated employees for purposes of Title VII. Defendant contends that plaintiff has identified no employees who fall within the same parameters as her, and her bare allegation alone can not justify the production of confidential personnel files. In short, defendant contends that it reviewed the personnel and supervisory files, found no documents that disciplined the other five employees or placed them on a supervisory plan, and, thus, they can not be similarly-situated employees. Defendant asserts that plaintiff asked for certain disciplinary documents in her discovery requests, defendant reviewed the personnel and supervisory files for such documents, the documents did not exist, and, thus, the personnel and supervisory file are irrelevant.

The Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration." Out of judicial necessity, the courts have developed an approach to evaluate such a motion. As demonstrated in *Lavespere v. Niagara Machine & Tool Works, Inc.*, the first inquiry involves determining exactly which federal rule most appropriately governs the motion. *Lavespere*, 910 F.2d at 173, *abrogation on other grounds recognized by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for

'relief from judgment' under Rule 60(b)." *Id.* The Fifth Circuit holds that, "if the motion is served within ten (10) [now 28] days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.*

As calculated according to Federal Rule of Civil Procedure 6(a)(2), plaintiff filed her motion to reconsider within 28 days of the Order granting in part the motion to compel limited discovery. Fed. R. Civ. P. 6(a)(2). Thus, it will be treated as a Rule 59(e) motion to alter or amend. Rule 59(e) motions to alter or amend typically arise in connection with evidentiary materials or intervening changes in controlling law discovered after an adverse judgment. Courts have broad discretion to reopen matters under Rule 59(e) but must balance competing interests of "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere*, 910 F.2d at 174.

The court's discretion to reopen a matter under Rules 59(e) and 60(b) differ. Although motions to reconsider are typically reserved for admission of newly discovered evidence, correction of "manifest error of law" may also justify relief. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Still, the court's interest in bringing litigation to an end compels reserving relief under this motion for the most deserving situations. Courts have consistently denied relief under Rule 59(e) where the moving party seeks only to reargue the same points without offering new evidence or new legal support.

"[T]he proper inquiry is whether the moving party has 'clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "A motion to reconsider is 'not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of [the order]." *Templet*

*v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Finally, the Court considers "four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact on which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group, Inc.*, No. Civ. A. 99-2112, 2002 WL 1268404, 2 (E.D. La. June 5, 2002).

Based on the foregoing factors, the Court finds it necessary to grant the motion in part. Exercising broad discretion in matters of discovery, trial courts consistently allow discovery of personnel files in light of the importance of establishing pretext in discrimination cases under Title VII. *Freundensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327 (5th Cir. 2004); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *Brown v. Arlen Mgmt. Corp.*, 663 F.2d 575 (5th Cir. 1981); *Green v. Nicholson Mfg. Co.*, Civ. A. No. 9:04cv227, 2005 WL 5959605, *3 (W.D. Tex. Sept. 22, 2005); *Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993). In investigating a particular claim of discrimination, the most intense examination will naturally focus on the relevant employment section or group of employees most like the plaintiff, which in this case are employees supervised by Browning. *Ernie Green. EEOC v. Packard Elec. Div., Gen. Motors Corp.*, 569 F.2d 315 (5th Cir. 1978); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588 (5th Cir. 1978). Therefore, the Court is inclined to encourage broad discovery to illuminate the close factual issues inherent in employment discrimination cases. The personnel/supervisory files of those employees supervised by Browning are relevant to plaintiff's potential ability to establish that the reason for her demotion and/or any other discriminatory action was pretext on the part of defendant. While the Court does not doubt the verified discovery responses of defendant – that such documents do not exist in the personnel and supervisory files – if there is an absence of such documents in the

4

files, plaintiff is entitled to verify such an absence for herself in this Title VII suit. Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Reconsideration of Motion to Compel Limited Discovery [Doc. #73] is GRANTED IN PART, the Court's earlier Order dated April 6, 2011 is VACATED IN PART and defendant shall produce **no later than ten (10) days from the date of the hearing** the personnel and supervisory files of Brenda Jones, Michael Henry, Bob Deaton and Amy Demoulin but not Brian Knight. The Court finds on the record before it that no party has established that Browning supervised Knight. Before production, defendant shall properly redact the files to eliminate the employees' personal identifying information – *i.e.*, social security numbers and the like.[1]

**IT IS FURTHER ORDERED** that the personnel and supervisory files of the aforementioned four employees shall be subject to the protective order in this matter. [Doc. #51].

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff seeks any other discovery in her motion, the motion is denied because the discovery deadline has passed. Plaintiff timely sought the discovery granted here.

Also, to the extent that the parties ask the Court to review the documents *in camera* to determine whether the four aforementioned employees are similarly-situated employees to plaintiff, the Court denies such a request. This Court can not make such a legal determination that is the proper province of the District Court.