UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENEEN L. MONTGOMERY-SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4737** |
| **LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS, ET AL** | **SECTION: "S" (3)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that plaintiff's Motion for leave of Court to File Motion for Expedited Submission and Hearing of the Motion for Reconsideration of Order and Reason on Motion for Summary Judgment (Doc. #112) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Expedited Submission and Hearing on Motion for Reconsideration of Order and Reasons on Motion for Summary Judgment (Doc. #112-2) is **GRANTED**, and the motion is taken under submission on August 26, 2011.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration of Order and Reasons on Motion for Summary Judgment (Doc. #111) is **DENIED**.

Plaintiff, an African American, filed this suit against the State of Louisiana, through the Department of Heath and Hospitals (the "DHH") alleging that the DHH discriminated against her due to her race and in retaliation for a prior EEOC charge and discrimination lawsuit in violation of Title VII, 42 U.S.C. §§2000e, et seq.. The DHH filed a motion for summary judgment seeking dismissal of plaintiff's Title VII racial discrimination and retaliation claims. On August 18, 2011, the court denied the DHH's motion as to plaintiff's retaliation claim, and granted the motion as to

plaintiff's racial discrimination claim, dismissing that claim with prejudice. The court analyzed plaintiff's racial discrimination claim as a disparate treatment claim, and found that she did not establish a *prima facie* case of racial discrimination because she did not demonstrate that she was treated less favorably than a similarly situated employee who was not a member of her protected class.

On August 25, 2011, plaintiff filed a motion for reconsideration regarding the August 18, 2011, order. Plaintiff argues that the court should have analyzed her racial discrimination claim as one based on being replaced by a person who is not a member of the protected class. Plaintiff argues that her racial discrimination claim should not have been dismissed because she has demonstrated that she was replaced by white men.

In McCoy v. City of Shreveport, 492 F.3d 551, 556 (5 th Cir. 2007), the United States Court of Appeals for the Fifth Circuit stated that, to establish a *prima facie* case of discrimination, a plaintiff must show that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

(citing Wheeler v. BL Dev. Corp, 415 F.3d 399, 405 (5th Cir. 2005)).

In her complaint and amended complaint, plaintiff alleges that she experienced racial discrimination in the form of disparate treatment. Specifically, in her complaint, plaintiff alleges that the DHH "engaged in intentional discrimination," and states that she experienced "constant harassment and unjust denial of pay increase [sic] and promotional opportunities." Similarly, in her

amended complaint, plaintiff alleges that she experienced "unfair discriminatory treatment," which prompted her to file the prior EEOC claim and discrimination lawsuit against the DHH, that in turn led to her reassignment.

In Swierkiewicz v. Sorema, N.A., 122 S.Ct. 992, 995, the Supreme Court of the United States held that a complaint in an employment discrimination case does not have to contain specific facts that would establish a *prima facie* case under the framework announced in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), but it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. (citing FED. R. CIV. PRO. 8(a)(2)). Further the complaint must provide the defendant with "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. at 998.

Plaintiff did not allege that the DHH discriminated against her by replacing her with someone outside her protected class. Plaintiff did not put the DHH on notice that her discrimination claim in this lawsuit was based on grounds that she was replaced by white men. Further, in her opposition to the DHH's motion for summary judgment, plaintiff discusses how she was treated differently than other supervisors regarding her being placed on a supervisory plan and her performance planning reviews. Plaintiff mentions in passing that she was replaced by white men while discussing her supervisory skills. However, she does not argue that this is the basis of her discrimination claim. Therefore, plaintiff's argument that she was replaced by white men does not

support the establishment of a *prima facie* case of discrimination as alleged in this complaint.

Therefore, plaintiff's motion for reconsideration is DENIED.[1]

New Orleans, Louisiana, this __2nd__ day of September, 2011.

                                              */s/ Mary Ann Vial Lemmon*
                                              **MARY ANN VIAL LEMMON**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The deadline for amending pleadings was May 9, 2011. Trial in this matter is scheduled for October 17, 2011. Plaintiff cannot amend her racial discrimination claim at this late stage of the litigation.